# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

        **Plaintiff,**        **CRIMINAL NO. 16-20239-JEL-APP**
                                    **HON. JUDITH E. LEVY**
                                    **U.S. MAG. JUDGE ANTHONY P. PATTI**

**v.**

**D-5 THOMAS S. DOUGHERTY**

        **Defendant**

_____/

## ORDER DENYING REQUEST FOR INSANITY DEFENSE EXAMINATION UNDER 18 U.S.C. 4242

Defendant appeared before me in duty court for what was supposed to be a detention hearing and a completion of arraignment on June 16, 2016. At that time, his counsel made an oral motion to determine competency and reported to the Court that he had reasonable cause to believe, based upon the defendant's prior mental health history and their interaction in the holding cells, that the defendant may be mentally incompetent to understand the charges or to assist in his defense. Defendant's counsel therefore asked for what he termed a "competency/criminal responsibility" exam. Counsel for the United States responded on the record that, "We have no objection." After further inquiry from the bench, the Court found, pursuant to 18 U.S.C. 4241(a), that, "There is reasonable cause to believe that

Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Accordingly, as mandated by the statute, the Court ordered a competency exam from the bench, and directed counsel to submit an order to that effect for entry.

Subsequently, both counsel submitted a stipulation and order for a competency examination, pursuant to section 4241; however, they simultaneously, and without prior explanation, also submitted a proposed stipulation and order for a pretrial psychiatric or psychological examination to determine the existence of insanity at the time of the crime, pursuant to section 4242, a copy of which is attached hereto. The Court held a telephone conference with both counsel on June 28, 2016, in order to query why a second order had been submitted pursuant to section 4242 and in order to discuss whether either or both orders would be submitted by stipulation or "approved [by counsel] as to form only." During the conference call, the Court confirmed that the defendant's counsel has not "notif[ied] an attorney for the government in writing" of his intention "to assert a defense of insanity at the time of the alleged offense," as required by Federal Rule of Criminal Procedure 12.2(a). Moreover, at no time has the Government filed a motion for pretrial psychiatric or psychological examination to determine the

existence of insanity at the time of the offense, as required by section 4242.[1] Indeed, Defendant's counsel confirmed during the conference call that, at this early stage in the proceedings, he is presently unsure as to whether a good faith basis exists for pursuing such a defense or whether one will be merited in the future. Nevertheless, through the submission of the aforementioned and attached stipulation, both counsel have indicated that an examination under section 4242 should be conducted simultaneously with the competency examination under section 4241, and have represented that this is justified by considerations of efficiency and as a matter of "practice within this district," notwithstanding the procedural defects described above.

Although the Court has accepted the stipulation and entered an order for a *competency* exam pursuant to section 4241, it is not is not likewise persuaded that an examination pursuant to section 4242 to determine the existence of *insanity at the time of the offense* is warranted at this time, and accordingly will not enter the proposed order to that effect, for the reasons which follow.

First, as described above, neither the requirements of the Rules of Criminal Procedure, nor the requirements of section 4242 have been met here. These procedures are put in place so that a criminal defendant is not subjected to an

---

[1] Notably, such a motion is triggered "[u]pon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure," which did not occur here.

examination under section 4242 unless and until he has communicated in writing his intention to pursue an insanity defense. In the instant matter, the defendant has at best "hinted" at or "implied" such a defense, but, as conceded by his counsel, may not in fact have a basis for such a defense, or in any event requires more time in order to determine whether such a defense exists.

Second, the defendant's counsel has put his client's competency to understand the charges and/or to assist in his own defense at issue, and has successfully moved the Court for a competency exam. Until it is established that the defendant is indeed competent to understand the charges and to assist in his own defense, the Court will not be able to complete his arraignment or hold his detention hearing, and his counsel will likewise be unable to obtain his assistance in determining whether an insanity defense is appropriate or to obtain his agreement in the pursuit of such a defense. If it turns out that the defendant is deemed incompetent, the prosecution of this case will essentially come to a halt until such time as competency is restored. See 18 U.S.C. 4241(d).  In other words, the Court is not willing "to put the cart before the horse."

Third, the Court is not convinced that the same examiner should be asked to perform both examinations under two different statutory sections, which require different information and opinions. Notwithstanding considerations of expediency and efficiency, the Court does not wish to blur the lines between these two distinct

types of mental health examinations. If and when the defendant's competency has been determined in the affirmative, and if and when the defendant is able to competently and knowingly instruct his counsel that an insanity defense should be pursued, and if and when the procedural requirements (including the requisite notice and the requisite motion) have been met, the Court at that time will reconsider whether an examination to determine the existence of insanity at the time of the offense, pursuant to section 4242, should be ordered.

Accordingly, the request for entry of an order requiring an insanity defense examination order 18 U.S.C. 4242 is **DENIED.**

**SO ORDERED.**

Dated: June 29, 2016                              s/Anthony P. Patti _____
                                                U.S. Magistrate Judge


I hereby certify that a copy of the foregoing document was sent to parties of record on June 29, 2016, electronically and/or by U.S. Mail.

                                                s/Michael Williams _____
                                                Case Manager for the
                                                Honorable Anthony P. Patti